KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Evan Gerald Miler

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Evan Gerald Miler**,**<br><br>            Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A.**,**<br><br>            Defendants. | CASE NO.  3:19-cv-01764<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>  1.  Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Evan Gerald Miler ("Plaintiff" or "Miler"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Bank of America, N.A. (hereinafter "BANA") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the

nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Evan Gerald Miler is an individual residing in the state of Oregon and is a "debtor."

8. At all relevant times herein, Defendant BANA engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had taken out his first unsecured loan with BANA in approximately 2015, and a subsequent unsecured loan in approximately 2017.

11. The loans Plaintiff took from Defendant BANA were extended primarily for personal, family or household purposes and is therefore a "debt."

12. Defendant BANA has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant BANA arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the loan before he became financially unable to keep up with the monthly payments.

17. Defendant BANA began contacting Plaintiff in or about June of 2019 to inquire about the status of the loans and to collect on the payments that were no longer being made.

18. Plaintiff retained counsel to assist in dealing with the BANA debt and to seek some type of financial relief.

19. Counsel for Plaintiff sent a letter of revocation to BANA on or about June 25, 2019.

20. Plaintiff believes his revocation and representation letter was received by BANA on June 28, 2019.

21. Plaintiff informed BANA, through his letter of revocation, that he was revoking his consent, if it was previously given, to be called on his telephone.

22. Plaintiff was frustrated that BANA continued to make unsolicited calls to his cellular telephone after contacting BANA to revoke his consent.

23. Plaintiff denies that he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

24. Defendant BANA continued to contact Plaintiff between approximately June 25, 2019 – September 11, 2019; the type of contact was through phone calls to Plaintiff on his cellular telephone.

25. Despite notice being sent, Defendant continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

26. BANA ignored Plaintiff's letter of representation and continued to contact him for at least two (2) months following receipt of Plaintiff's letter.

27. Despite being aware of Plaintiff's June 25, 2019 revocation, BANA continued to contact Plaintiff on his cellular telephone.

28. BANA's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on his cellular telephone.

### FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

29. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

30. Since at least June of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

31. Plaintiff informed Defendant that he was revoking consent to be contacted by BANA via telephone in June of 2019.

32. BANA continued to call Plaintiff frequently after Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

33. Defendant would contact Plaintiff frequently regarding payment on the accounts.

34. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

35. Defendant contacted Plaintiff on at least ninety-five (95) separate occasions after Plaintiff informed Defendant that he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

36. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

37. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. §227(b)(1)(A).

38. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) & (C) for each and every violation.

   b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

   c. Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: November 2, 2019

/s/ Kyle Schumacher
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

                                                **PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: November 2, 2019              */s/ Kyle Schumacher*
                                                Kyle Schumacher
                                                Attorneys for Plaintiff